IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JENNIFER ANN CLARK and          )
ANGELA STEVENS,                 )
                                )
    Plaintiffs,              )
                                )
vs.                             )    CIVIL ACTION NO. 09-0694-CG-B
                                )
OFFICER JOHN MILLER,            )
OFFICER ALAN CARPENTER,         )
VINCENT HERTZ, and              )
MOBILE COUNTY                   )
                                )
    Defendants.              )

## <u>ORDER</u>

This cause is before the court on the motion of Jennifer Ann Clark for new trial (Doc. 93), opposition thereto filed by Mobile County and Vincent Hertz (Doc. 95), and Clark's reply (Doc. 96). For the reasons discussed below, the court finds that plaintiff has not shown that the verdict is against the clear weight of the evidence or will result in a miscarriage of justice. Therefore, plaintiff's motion is due to be denied.

Plaintiff's motion is brought pursuant to Rule 59(a), which provides, in the context of jury trials, that "[a] new trial may be granted to all or any of the parties and on all or part of the issues ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R.

1

Civ. P. 59(a)(1). District courts are entrusted with broad discretion in determining whether a new trial is warranted in a particular case. See, e.g., Hessen for Use and Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc., 915 F.2d 641, 644 (11th Cir. 1990). However, the remedy of granting a motion for new trial "is sparingly used." Johnson v. Spencer Press of Maine, Inc., 364 F.3d 368, 375 (1st Cir. 2004) (citation omitted). The Eleventh Circuit has specifically instructed district courts that a motion for new trial should be granted when

> the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. . . . Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great-not merely the greater-weight of the evidence.

Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotations and citations omitted); Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1559 (11th Cir. 1984) ("The trial judge's discretion to set aside a jury verdict based on the great weight of the evidence is very narrow," and is limited to "protect[ing] against manifest injustice in the jury's verdict."); Pozzi Window Co. v. Auto-Owners Ins. Co., 429 F.Supp.2d 1311, 1323 (S.D. Fla. 2004) ("A trial judge may grant a motion for new trial if the jury verdict is contrary to the great weight of the evidence"; however, he may not "simply substitute his judgment for that of the jury.")

Plaintiff Jennifer Ann Clark moves for a new trial against defendants Vincent Hertz and Mobile County, asserting that the great weight of the evidence undermines the jury's decision in regards to Officer Hertz' entry and seizure.  At the trial, the jury found Hertz did not violate plaintiff's constitutional rights not to be subjected to an unlawful seizure of her dog and that Mobile County was not liable to plaintiff for trespass by its agent, Hertz. (Doc. 91-1).  Plaintiff claims a new trial is warranted because it was undisputed at the trial that Hertz had no exigent circumstances to enter plaintiff's home and that the entry was not incident to an arrest, but was for the sole purpose of impounding her dog.  However, as defendant points out, there was testimony that the dog and an 18 month old child were in the home by themselves immediately after plaintiffs were arrested and it was unknown when someone would arrive to care for them.  Mr. Hertz reportedly remained in his truck during the confrontation between plaintiffs and the deputies and until after plaintiffs' were arrested.  The testimony indicated that after the arrests, the deputies told Hertz to retrieve the dog from the residence.  The jury was instructed regarding plaintiff's right to be free from unreasonable and unlawful searches and seizures and plaintiff has not challenged those instructions.  The court, after considering the testimony at trial, finds it was not against the great weight of the evidence for the jury to find that Hertz' and Mobile County's actions were reasonable.

## CONCLUSION

For the reasons stated above, the motion of Jennifer Ann Clark for new trial

(Doc. 93) is **DENIED**.

**DONE** and **ORDERED** this 4th day of January, 2012.


/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE